UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. LEVY,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF ALPINE, et al.<br><br>        Defendants. | No. 2:13-cv-02643-KJM-CKD<br><br><br>FINAL PRETRIAL ORDER |

On June 3, 2016, the court held a final pretrial conference. Douglas Watts appeared for plaintiff Robert Levy, and Gayle Tonon appeared for defendant Alpine County. The court now makes the following findings and orders:

<u>JURISDICTION AND VENUE</u>

Jurisdiction is predicated on 28 U.S.C. §§ 1331 and 1343. Jurisdiction and venue are not contested.

<u>JURY</u>

Both parties have demanded a jury trial. The jury will consist of eight jurors and two alternates.

<u>UNDISPUTED FACTS</u>

1. Robert Levy was born on September 9, 1964.
2. Levy has been a sworn peace officer since 1985.

3. Henry "Skip" Veatch served as Alpine County Sheriff from 1990 until 2002.

4. Levy began employment with Alpine County on April 16, 1995, as a Deputy Sheriff working under Veatch.

5. Levy was promoted to Undersheriff in 2000.

6. John Crawford succeeded Veatch as County Sheriff and served from November 2002 until May 14, 2014.

7. Alpine County and the State of California began discussions about the telecommunications tower on Leviathan Peak in 2008.

8. On August 21, 2012, the Board of Supervisors authorized the County Administrative Officer, Pamela Knorr, to retain the services of a third party to investigate the Leviathan Peak Communications Project.

9. A law firm, Liebert Cassidy & Whitmore, was engaged to prepare a report, the "LCW Report," which was completed and dated November 15, 2012.

10. Levy never received a poor evaluation during his employment in Alpine County.

11. The offices at the Alpine County Courthouse and in Turtle Rock are separated by about five miles.

12. Beth Nunes was the Human Resource Specialist for Alpine County, from July 2006 until her retirement in November of 2012.

CENTRAL FACTUAL DISPUTES

1. What roles Levy, Knorr, Tom Sweeney, and others in Alpine County played in the Leviathan Peak project.

2. Whether Knorr and others in Alpine County's leadership terminated or otherwise caused the departure of numerous employees older than forty as part of a campaign to create a "younger, cheaper workforce."

3. When and to whom Levy complained about Knorr's actions and what his complaints entailed.

4. In what capacity Knorr submitted reports regarding the Leviathan Peak project, and in general, what role Knorr played in commissioning the LCW Report.

5. Whether and how Knorr and Sweeney retaliated against Levy for making complaints.

6. Whether and why Knorr and Sweeney treated Levy unequally.

7. Whether Levy suffered damages as a result of retaliation or unequal treatment, and if so, the amount and sources of his damages.

DISPUTED EVIDENTIARY ISSUES AND MOTIONS *IN LIMINE*

Levy's Motions *in Limine*

1. To exclude all documents and reports prepared by or on behalf of Alpine County that were not presented to Levy during discovery or with an initial disclosure, including but not limited to any and all investigations, reports, and similar evidence from the County's retained investigator Ken MacHold.

2. To exclude non-testifying County-affiliated witnesses from the courtroom, including but not limited to former defendants Donald Jardine, Philip Bennett, and Tom Sweeney.

3. To exclude the written report of Defendant's retained expert, Jared L. Zwickey.

Alpine County's Motions *in Limine*

1. To exclude any reference to motive regarding the relationship between Levy, Knorr, and Sweeney, on the grounds that motive is not relevant and would confuse and mislead the jury.

2. To exclude the reports and testimony of Levy's retained and non-retained expert witnesses, filed and noticed separately, ECF No. 45, and discussed in more detail below.

3. To limit expert witnesses to the testimony offered at deposition.

4. To exclude all records and documents subject to disclosure pursuant to Federal Rules of Civil Procedure 26(a) that were not produced.

5. To exclude any and all expert testimony other than that disclosed in compliance with the Status (Pre-Trial Scheduling) Order, ECF No. 9, and impeachment witnesses.

6. To preclude Levy from introducing evidence and to preclude his attorney from eliciting testimony at trial concerning personnel records, actions, investigations, or administrative procedures involving Levy.

      7.      To exclude witnesses from the courtroom during trial.

      8.      To determine the relevance of the legislative act regarding investigation and funding of the telecommunications projects and the appropriate immunity.

      9.      To bar reference to discussions that took place during any closed or executive session of the Board of Supervisors, as disclosure would violate the Brown Act.

      10.      To bar discussion of settlement negotiations before or during litigation.

      11.      To exclude other specific evidence and testimony identified on Levy's list of evidence and witnesses.

Briefing and Argument on Motions *in Limine*

Each party may submit an omnibus brief in support of its motions *in limine* not already briefed no later than **June 17, 2016**, with the exception of the County's second and eighth motions *in limine*, which are now resolved below in this order. Corresponding opposition briefs or statements of non-opposition must be filed no later than **July 1, 2016**. Reply arguments, if any, will be heard on the first day of trial.

Alpine County's Second Motion *in Limine*: Expert Testimony

Alpine County moves *in limine* to prevent Levy from presenting certain expert opinions. The County argues these witnesses each made unreliable assumptions about the facts of this case.

An expert witness's opinions can be admissible only if they "will help the trier of fact to understand the evidence or to determine a fact in issue" and if the expert reliably applied his or her expertise to the facts of the case, among other criteria. Fed. R. Evid. 702. Whether expert testimony is admissible is a question within the trial court's discretion. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 142 (1997).

The court plays a "gatekeeping" role to ensure all expert testimony, scientific or otherwise, is both relevant and reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147–49 (1999). "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *City of Pomona v. SQM N. Am.*

4

1 *Corp.*, 750 F.3d 1036, 1043 (9th Cir.), *cert. denied*, 135 S. Ct. 870 (2014) (citation and quotation marks omitted).  The district court must screen out "unreliable nonsense opinions," but the jury may hear and weigh expert opinions that are impeachable.  *Id.* at 1044.  In other words, the district court does not determine whether the expert is right or wrong, but whether the testimony would be helpful.  *Id.*

A corollary of these general rules divides questions of weight from questions of admissibility: because the jury decides what evidence to believe, the factual basis of an expert's opinions are correctly tested by cross-examination and contrary evidence, not by evidentiary objections.  *See, e.g.*, *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 970 (9th Cir. 2013); *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 n.14 (9th Cir. 2004).  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993).

Here, Levy intends to present the testimony of John Hancock, Ph.D., who estimated the dollar value of Levy's damages on the basis of several assumptions.  Hancock's calculations presume Levy would have been elected as Sheriff of Alpine County in September 2014.  *See* Tonon Decl. Ex. A, at 8, ECF No. 45-4.  The County argues this assumption is speculative.  *See* Mot. in Limine at 5, 7–8, ECF No. 45-1.  Similarly, the County argues John Crawford's expert opinions about Levy's chances at election are built on an inaccurate factual foundation, because he incorrectly assumes both that the LCW report prevented Levy from being elected as Sheriff and that Pamela Knorr had no authorization to commission that report.  *See id.* at 5.  Finally, the County argues similar faulty assumptions underlie Skip Veatch's opinions about Levy's chances to be elected.  *See id.* at 6, 9.  These arguments attack the factual basis of each opinion.  They do not address questions of reliability under Rule 702.  The County will have ample opportunity to highlight its interpretation of the evidence at trial.  Its second motion *in limine* is denied.

/////

/////

Alpine County's Eighth Motion *in Limine*: Legislative Absolute Immunity

The court previously found Levy had presented evidence that could lead a reasonable trier of fact to believe "(1) the County's administrative officer, acting within her policy-making responsibility, instituted an investigation of the telecommunications projects in an effort to discredit Levy and terminate his employment and (2) the Board of Supervisors approved the investigation." Order Mar. 10, 2016, at 10, ECF No. 44. The County contends that the investigation was an act of the legislature in protecting the interests of its citizens and that this case is therefore barred by absolute legislative immunity. In support of this position, the County cites *Tenney v. Brandhove*, 341 U.S. 367 (1951), and *Bogan v. Scott-Harris*, 523 U.S. 44 (1998).

As an initial matter, a motion *in limine* is the incorrect procedural tool for this job. Motions *in limine* are designed to address the admissibility of evidence, not substantive legal positions. *See* Status (Pretrial Scheduling) Order at 4, ECF No. 13.

In any event, the County's argument does not fit the facts of this case. Although federal, state, regional, and local legislators are entitled to absolute immunity from civil liability for their legislative activities, *Bogan*, 523 U.S. at 46, 49, this immunity does not apply here, as the County is the only remaining defendant, *see id.* at 53 ("Municipalities themselves can be held liable for constitutional violations . . . ."); *Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency*, 440 U.S. 391, 405 n.29 (1979) ("If the [individual legislators] have enacted unconstitutional legislation, there is no reason why relief against [the legislative body] itself should not adequately vindicate [the plaintiffs'] interests." (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978))); *Tenney*, 341 U.S. at 378 ("It should be noted that this is a case in which the defendants are members of a legislature."). The County's eighth motion *in limine* is denied.

RELIEF SOUGHT

Levy seeks economic damages and general damages according to proof, in addition to attorneys' fees and costs. Levy is not seeking injunctive relief.

/////

/////

6

1 <u>POINTS OF LAW</u>

2     The parties may present legal arguments in trial briefs to be filed with this court no

3 later than **seven days prior to the date of trial**. Defendants have indicated they may argue in

4 their trial brief for trial of some claims to be precluded on grounds of qualified immunity.

5 <u>ABANDONED ISSUES</u>

6     None

7 <u>STIPULATIONS</u>

8     None.

9 <u>WITNESSES</u>

10     Levy's witnesses shall be those listed in Attachment A. Alpine County's

11 witnesses shall be those listed in Attachment B. Each party may call any witnesses designated by

12 the other.

13     A.    The court will not permit any other witness to testify unless:

14         (1)    The party offering the witness demonstrates that the witness is for

15         the purpose of rebutting evidence that could not be reasonably anticipated

16         at the pretrial conference, or

17         (2)    The witness was discovered after the pretrial conference and the

18         proffering party makes the showing required in "B," below.

19     B.    Upon the post-pretrial discovery of any witness a party wishes to present at

20     trial, the party shall promptly inform the court and opposing parties of the

21     existence of the unlisted witnesses so the court may consider whether the

22     witnesses shall be permitted to testify at trial. The witnesses will not be permitted

23     unless:

24         (1)    The witness could not reasonably have been discovered prior to the

25         discovery cutoff;

26         (2)    The court and opposing parties were promptly notified upon

27         discovery of the witness;

28 /////

   (3) If time permitted, the party proffered the witness for deposition; and

   (4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

<u>EXHIBITS, SCHEDULES AND SUMMARIES</u>

  Levy has not submitted a list of exhibits he intends to introduce at trial, but has described categories of documents from which he intends to draw exhibits. These categories are listed in Attachment C. By listing these categories in Attachment C, the court does not approve this method of identification. At trial, Levy's exhibits must be listed numerically, and as specified below, he must exchange exhibits with counsel for Alpine County no later than twenty-eight days before trial. He must also prepare exhibit binders with tabs identifying each exhibit. The County may object if Levy attempts to introduce an exhibit that it believes he identified inadequately, and a proposed exhibit may be excluded on this basis.

  The County's exhibits are listed in Attachment D. At trial, the County's exhibits shall be listed alphabetically. All exhibits must be pre-marked.

  The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder shall have an identification label on the front and spine.

  The parties must exchange exhibits no later than **twenty-eight days before trial**. Any objections to exhibits are due no later than fourteen days before trial.

  A. The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

   (1) The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

   (2) The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

  B. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so

that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

    (1)    The exhibits could not reasonably have been discovered earlier;

    (2)    The court and the opposing parties were promptly informed of their existence;

    (3)    The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party.  If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

DEPOSITION TRANSCRIPTS AND DISCOVERY DOCUMENTS

Neither party currently intends to use deposition transcripts in lieu of live testimony.

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than fourteen days before trial.

FURTHER DISCOVERY OR MOTIONS

None.

AMENDMENTS/DISMISSALS

Defendants Donald Jardine and Philip Bennett were dismissed without prejudice by stipulation on March 7, 2014.  ECF No. 8.  Defendant Nancy Thornburg was dismissed with prejudice by stipulation on October 16, 2015.  ECF No. 24.  On the same day, Levy's sixth claim for violation of his rights under the Public Safety Officers' Procedural Bill of Rights Act, Cal. Gov't Code § 3300 *et seq.*, and his eighth claim for negligence were also dismissed by stipulation.  ECF No. 24.  The court granted summary judgment to Alpine County on all but the first claim on March 10, 2016.  ECF No. 44.

SETTLEMENT

The parties agreed to participate in a settlement conference before the undersigned, which was completed on May 10, 2016.  ECF No. 57.  The case did not settle.

1  JOINT STATEMENT OF THE CASE

2      The following statement of the case will be read to the jury during *voir dire* and at

3  the beginning of the trial:

> Robert E. Levy brings this case against his former longtime employer, the County of Alpine, for compensatory damages and attorneys' fees for violation of his civil rights.  Levy contends that the County unlawfully retaliated against him after he exercised his First Amendment rights while employed as Undersheriff in the County Sheriff's Office.  The County denies these allegations, contends its actions were appropriate, and argues Levy suffered no harm for which he can receive damages in this lawsuit.

9  SEPARATE TRIAL OF ISSUES

10      None.

11  IMPARTIAL EXPERTS OR LIMITATION OF EXPERTS

12      None.

13  ATTORNEYS' FEES

14      Each party seeks attorneys' fees under 42 U.S.C. § 1988.

15  ESTIMATED TIME OF TRIAL AND TRIAL DATE

16      Jury trial is set for **August 15, 2016** at 9:00 a.m. in Courtroom Three before the

17  Honorable Kimberly J. Mueller.  Trial is anticipated to last up to seven days.  The parties are

18  directed to Judge Mueller's default trial schedule outlined at the "standing orders" link located on

19  her web page on the court's website.

20  TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

21      None.

22  PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

23      The parties shall file any proposed jury *voir dire* questions seven days before trial.

24  Each party will be limited to ten minutes of jury *voir dire*.

25      The court directs counsel to meet and confer in an attempt to generate a joint set of

26  jury instructions and verdicts. The parties shall file any such joint set of instructions **fourteen**

27  **days before trial**, identified as "Jury Instructions and Verdicts Without Objection."  To the

28

extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due fourteen days before trial.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a word document to kjmorders@caed.uscourts.gov no later than **fourteen days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **seven days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.  When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

CONCLUSION AND OBJECTIONS TO THIS ORDER

Each party is granted **fourteen days** from the date of this order to file objections to the same.  If no objections are filed, the order will become final without further order of this court.

The County's second and eighth motions *in limine* are denied.

This order resolves ECF No. 45, which is DENIED.

IT IS SO ORDERED.

DATED:  June 8, 2016

_____
UNITED STATES DISTRICT JUDGE

1. <u>ATTACHMENT A: Levy's Witnesses</u>
2. Robert E. Levy
3. Henry "Skip" Veatch
4. Pamela Knorr
5. Tom Sweeney
6. Nancy Thornburg
7. Donald Jardine
8. Philllip Bennett
9. Beth Nunes
10. Randy Gibson
11. John Crawford
12. Rick Stephens
13. Cami Chavez
14. Kris Hartnet
15. Randi Makely
16. Dennis Cardoza
17. Sharon Warkentin
18. Valerie Bolton
19. Janet Dutcher
20. Martin Fine
21. Terese Drabec
22. Sandy King
23. Betsy Platten
24. Mark DeMaio
25. Carolyn Vaughn
26. John D. Hancock, Ph.D.
27.
28.

1. <u>ATTACHMENT B: Alpine County's Witnesses</u>
2. Philip Bennett
3. Sandra Bryson
4. John Crawford
5. Martin Fine
6. Jim Holdridge
7. Donald M. Jardine
8. Pamela Knorr
9. Robert E. Levy
10. Randi Makely
11. Beth Nunes
12. Brian Peters
13. David A. Prentice
14. Tom Sweeney
15. Nancy Thornburg
16. Teola Tremane
17. Henry "Skip" Veatch
18. Jared L. Zwickey

ATTACHMENT C: Levy's Exhibit List

1. Any and all documents contained in Plaintiff's Alpine County personnel file; of particular significance to Plaintiff's case is the MacHold Investigation Report.

2. The Telecommunications Analysis Report prepared by Liebert, Cassidy & Whitmore.

3. All County-generated correspondence and memoranda regarding the Leviathan Peak and Hawkins Peak telecommunications projects.

4. All notes, minutes, transcriptions, etc. from County Board proceedings which relate to Plaintiff's involvement in, and work on, Alpine County's telecommunications projects, including but not limited to Leviathan Peak and Hawkins Peak.

5. All documents produced by Plaintiff in discovery and depositions, including but not limited to the February 21, 2012 letter from the CHP to Pamela Knorr regarding available funds for Leviathan Peak, numerous e-mails circulated between former County Counsel Martin Fine, Knorr, former Sheriff John Crawford, and Plaintiff regarding the telecommunications projects generally. Any and all documents contained in Plaintiff's Alpine County personnel file, including the MacHold Investigation Report.

<u>ATTACHMENT D: Alpine County's Exhibit List</u>

A. Alpine County Retirement Incentive Program and Voluntary Separation Program.

B. Staff Report-Funding for the Leviathan peak Communications Project dated August 21, 2012.

C. Minutes of the meeting of the Board of Supervisors dated August 21, 2012.

D. Agenda Transmittal dated November 20, 2012.

E. Addendum Agenda of the Board of Supervisors, County of Alpine, re the meeting of Tuesday, November 20, 2012.

F. Liebert Cassidy Whitmore report dated November 15, 2012.

G. Job Description of the Undersheriff.