UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT E. LEVY,

        Plaintiff,

  v.

COUNTY OF ALPINE, et al.,

        Defendants.

No. 2:13-cv-02643-KJM-CKD

ORDER

On July 11, 2016, approximately one month before the confirmed trial date of August 15, 2016, defendant County of Alpine moved for an order allowing its counsel of record, Gayle K. Tonon, to withdraw from representation and continuing the trial date. ECF No. 74. Plaintiff Robert Levy does not oppose the motion. The court held a telephonic hearing on July 15, 2016. Douglas Watts appeared for plaintiff and Gayle Tonon appeared for defendant. David Prentice, County Counsel, and Carolyn McElroy, County Administrative Officer, also appeared. At hearing, the court DENIED defendant's motion for the reasons discussed below.

I.     LEGAL STANDARD

The local rules of this district require an attorney who would withdraw and leave his or her client without representation to obtain leave of the court upon a noticed motion. E.D. Cal. L.R. 182(d). To comply with Local Rule 182(d), the attorney must conform to the

1

1 requirements of the California Rules of Professional Conduct. *Id.* California Rule of
2 Professional Conduct 3-700 provides several grounds upon which an attorney may seek to
3 withdraw, including where "[t]he client knowingly and freely assents to termination of the
4 employment." Cal. R. Prof. Conduct 3-700(C)(5).

5 The decision to grant or deny a motion to withdraw is within the court's discretion.
6 *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-01184, 2011 WL 1087117, at *1 (E.D.
7 Cal. Mar. 24, 2011) (citation omitted). District courts in this circuit have considered several
8 factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to
9 the client, prejudice to the other litigants, harm to the administration of justice, and possible
10 delay. *See Deal v. Countrywide Home Loans*, No. 09-01643, 2010 WL 3702459, at *2 (N.D. Cal.
11 Sept. 15, 2010); *CE Res., Inc. v. Magellan Group, LLC*, No. 08-02999, 2009 WL 3367489, at *2
12 (E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc.*, No. 07-594, 2008 WL 410694, at *2
13 (S.D. Cal. Feb. 13, 2008).

14 II.   DISCUSSION

15 Defendant's brief in support of its motion provides the relevant rules and then
16 simply states:

17 > In this instance the Defendant, COUNTY OF ALPINE, has advised that they [*sic*] no longer wish attorney GAYLE K. TONON to
18 > remain as Trial counsel and will be substituting in new counsel. The Motion to Withdraw and vacate and/or continue the Trial date
19 > of August 15, 2016, is based on the request of the Defendant.

20 ECF No. 74-1 at 2. Although discharge by a client is a permissible basis for seeking withdrawal
21 under the California Rules of Professional Conduct, *see* Cal. R. Prof. Conduct 3-700(C)(5), the
22 court ultimately has discretion to grant or deny a motion to withdraw, *see McNally*, 2011 WL
23 1087117, at *1. At hearing, the court reviewed the relevant factors with the parties and gave
24 them an opportunity to respond. County Counsel noted that it has been difficult to procure new
25 trial counsel willing to represent the County on the current schedule, but effectively conceded that
26 the County could be ready to go to trial on the confirmed trial date of August 15, 2016 if
27 necessary. The court finds the relevant factors weigh against granting the County's motion,
28 because the requested withdrawal and continuance would cause delay, would harm the

1  administration of justice, and may prejudice plaintiff, while a denial of the request would not

2  prejudice the County.  The representation that defendant "wish[es]" to substitute in new counsel

3  for trial is not a sufficient showing that withdrawal and a continuance are warranted at this stage.

4  III.    CONCLUSION

5          For the foregoing reasons, the court DENIES defendant's motion without

6  prejudice to the County submitting a proposed attorney substitution if new counsel will be

7  prepared to begin trial on the confirmed trial date of August 15, 2016.

8          IT IS SO ORDERED.

9  DATED: July 15, 2016.

_____
UNITED STATES DISTRICT JUDGE