UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ROBERT E. LEVY,

     Plaintiff,

       v.

COUNTY OF ALPINE, et al.,

     Defendants.

No.  2:13-CV-02643-RHW-DB

**ORDER AMENDING FINAL PRETRIAL ORDER**

       Before the Court is Defendant County of Alpine's Motion to Modify the Final Pretrial Order. ECF No. 90. Defendant seeks to modify the Central Factual Disputes section and to add exhibits not included in Attachment D to the Final Pretrial Order. *Id.* Plaintiff Robert Levy opposes both of the proposed changes. ECF No. 93. Also before the Court are Plaintiff Robert Levy's Motions *In Limine* and Defendant County of Alpine's Motions *In Limine*. ECF Nos. 68, 69, 115, and 118. The Court has reviewed the file as a whole and is fully informed.

//

**ORDER AMENDING PRETRIAL ORDER-** 1

1    **I.      Central Factual Disputes**

2    The Final Pretrial Order contains seven factual disputes under the heading

3    Central Factual Disputes. ECF No. 64 at 2-3. Defendant seeks to amend the Final

4    Pretrial Order to replace the current Central Factual Disputes section with the

5    following: (1) when and to whom Plaintiff Robert Levy complained about Pamela

6    Knorr's actions and what his complaints entailed; (2) whether Levy's complaints

7    about Knorr were a matter of public concern; (3) whether Levy was speaking as a

8    private citizen, not as a public employee in the scope or context of his job duties

9    when he complaint [sic] about Knorr's actions; (4) whether Knorr's

10   recommendation that the Board of Supervisors authorize her to retain the services

11   of LCW to investigate the Leviathan Peak telecommunications project was an

12   effort to retaliate against Levy for his complaints about Knorr's actions; (5)

13   whether retaliation against Levy was a substantial or motivating factor in the Board

14   of Supervisors' decision to authorize the LCW investigation and report; (6)

15   whether Levy suffered damages as a result of the retaliation taken by the Board of

16   Supervisors, and if so, the amount of damages. ECF No. 90 at 1-2.

17   The Court has reviewed the filings as a whole, including the summary

18   judgment order and briefings (ECF Nos. 26, 31-35, 38, 44), trial briefs (ECF Nos.

19   103, 104), and proposed jury instructions (ECF Nos. 98, 99), and determines that

20   the current Central Factual Disputes section does not encompass all of the facts at

issue in this case and may contain contentions of facts that are not relevant.  A

review of the proposed and model jury instructions illustrates additional facts that

are relevant to the claim including facts that must be established by plaintiff to

prevail and facts that are relevant to the Defendant's legal and factual defenses

such as immunity and status of Plaintiff under the First Amendment. It would be

impossible for the Court to use the Central Factual Disputes section of the Pretrial

order to limit the evidence presented as neither parties' case would fit within those

confines. Therefore, the Court finds reason to amend the Final Pretrial Order to

add—but not replace—the factual disputes presented by Defendant to the current

Central Factual Disputes section of the Final Pretrial Order. While these facts shall

be added, the Court does not find the Central Factual Disputes section to be

particularly helpful in the management of the case, and the Court will not

necessarily limit the evidence that may be presented at trial based on that section of

the Final Pretrial Order.

## II.    Additional Exhibits

Defendant also requests that Attachment D to the Final Pretrial Order

(Alpine County's Exhibit List) be amended to include five additional exhibits. ECF

No. 90-1 at 10. These documents include: (1) minutes of the special meeting of the

Board of Supervisors in closed session on November 15, 2012;  (2) e-mail from

Teola Tremayne dated November 16, 2012, with attached addendum agenda for

1  Board of Supervisors meeting on November 20, 2012; (3) minutes of the Board of

2  Supervisors meeting on November 20, 2012; (4) minutes of the Board of

3  Supervisors on December 4, 2012; and (5) Levy's claim for damage against

4  County of Sierra filed December 11, 2013. *Id.*

5      The minutes of the Board of Supervisors meetings are public records. The

6  meetings of the Board of Supervisors and the actions taken at the meetings form

7  the basis of Plaintiff's ratification claim as well as the act authorizing the

8  dissemination of the investigation report alleged to be tortuous.   Communications

9  between the parties show that a collection of exhibits was delivered to Plaintiff's

10 counsel on August 1, 2016, which included the proposed exhibits. ECF No. 91 at 2.

11 Counsel for Defendant also sent an email to Plaintiff's counsel on July 31, 2016, to

12 notify him that the exhibit list included these additional exhibits that were not

13 identified in the Final Pretrial Order. *Id.* Thus, Plaintiff has been on notice of these

14 exhibits, which are also public record.  The meetings referenced in the exhibits and

15 the email identified are central to the Plaintiffs case and should have been part of

16 Plaintiff's preparation from the time of the filing of his Complaint.  No actual

17 prejudice is asserted by Plaintiff. Rather, Plaintiff rests on Defendant's failure to

18 include the exhibits in the Final Pretrial Order entered the prior month.  Plaintiff

19 suggests that the Court review the exhibits and that they be made available at the

20 trial "if appropriate". ECF 93 at 4.  The Court finds that the inclusion of these

exhibits does not prejudice the Plaintiff and that it is appropriate that the exhibits be included.

The Court notes that Plaintiff Levy's complaint against County of Sierra is dissimilar to the other exhibits requested, in that it is not a record of Defendant and may not have been known to Plaintiff's counsel. The document references a statement by a party opponent that would normally be admissible as substantive evidence if offered by Defendant. It also may be characterized as rebuttal evidence to be used if Plaintiff denies such statements. As such, the document would not be required to be produced until used in rebuttal.  Given that Plaintiff has not claimed actual prejudice by the timing of Defendant's request to list additional exhibits, this exhibit is included as well.

### III.    Motions *In Limine*

#### A. Plaintiff's Motions *in Limine* (ECF No. 68)

**Ptf.'s MIL 1:** *Documents and Reports Not Presented to Plaintiff*

Plaintiff first moves to exclude all documents and reports prepared by or on behalf of Defendant, which were not presented to Plaintiff during discovery or with an initial disclosure, including but not limited to any and all investigations, reports, etc. from Defendant's retained investigator, Ken MacHold. Plaintiff also moves to exclude all references, evidence, and testimony regarding any of these documents or reports. ECF No. 68 at 2-3.

1    Plaintiff argues that such evidence should be excluded because (1) it is

2    irrelevant to the issues in this case (Fed. R. Evid. 401); and (2) introduction would

3    require an undue consumption of time and is likely to confuse or mislead the jury,

4    or will cause Plaintiff to be unduly prejudiced (Fed. R. Evid. 403). *Id.*

5    Defendant stipulates as follows: "Defendant stipulates to the foregoing

6    except for any documents that may be used for the purpose of impeachment AND

7    that were not subject to the Rule 26(a) disclosure AND/OR requested through

8    discovery." ECF No. 70 at 2.

9    The Court **GRANTS** this motion *in limine* **as stipulated by the Defendant**.

10   **Ptf.'s MIL 2:**  *Non-testifying, County-Affiliated Witnesses*

11   Plaintiff moves to exclude all non-testifying, County-affiliated witnesses

12   from the courtroom during the actual proceedings. ECF No. 68 at 3. (The Court

13   assumes that Plaintiff is referencing testifying witnesses). Plaintiff specifically

14   includes former defendants Donald Jardine, Philip Bennett, and Tom Sweeney. *Id.*

15   Plaintiff argues that these individuals share a strong personal animus toward

16   Plaintiff and are likely to coordinate their responses to questions in an effort to

17   discredit Plaintiff; which will undoubtedly prejudice the jury. *Id.* Plaintiff states he

18   understands that Defendant will stipulate, with the caveat that Donald Jardine has

19   been selected to sit at counsel table with defense counsel as the County's

20   representative. *Id.*

1  Indeed, Defendant does stipulate to this motion "with the understanding that

2  Donald Jardine will be present throughout the Trial as he is the individual

3  appearing on behalf of the Defendant." ECF No. 70 at 3.

4  The Court **GRANTS** this motion *in limine*, witnesses shall be excluded from

5  the courtroom, **except for Donald Jardine**.

6  **Ptf.'s MIL 3:**  *Written Report of Jared L. Zwickey*

7  Plaintiff moves to exclude the written report of Defendant's retained expert,

8  Jared L. Zwickey, and all references, evidence, and testimony regarding any

9  documents or reports from Jared L. Zwickey on the grounds that the evidence is

10  irrelevant (Fed. R. Evid. 401); and introduction would require an undue

11  consumption of time and is likely to confuse or mislead the jury, or will cause

12  Plaintiff to be unduly prejudiced (Fed. R. Evid. 403). ECF No. 68 at 3-4.

13  Defendant agrees not to introduce the written report of the expert witness as

14  evidence; however, Defendant does not stipulate to excluding all references,

15  evidence, and testimony regarding any documents or reports from Jared L.

16  Zwickey. ECF No. 70 at 4. Defendant argues that such testimony is relevant and

17  necessary to explain the issues at trial; furthermore, Defendant states that the

18  written report was previously produced to Plaintiff and Chief Zwickey's deposition

19  has also been taken. *Id*. As such, Defendant contends that neither Rule 401 nor

20  Rule 403 supports excluding and all references, evidence, and testimony regarding

1    any documents or reports from Jared L. Zwickey.

2          The Court **GRANTS** this motion *in limine* as agreed to by the parties with

3    respect to the **written report**. The remaining motion *in limine* is **DENIED.**

4    **Ptf.'s MIL 4:**  *Pre-litigation, Retirement-related Settlement Discussions*

5          Plaintiff moves to allow references, evidence, and testimony regarding

6    Plaintiff's pre-litigation, retirement-related settlement discussions with Defendant

7    for the purpose of proving unfair bias toward Plaintiff and establish a pattern of

8    retaliation by the County and Pamela Knorr toward Plaintiff. ECF No. 68 at 4-5.

9          Defendant opposes this motion and contends that this evidence should not be

10   allowed in for two reasons: (1) these negotiations occurred after the events giving

11   rise to the cause of action and can't be used retroactively to show bias, and (2) if

12   Pamela Knorr sabotaged retirement negotiations with Plaintiff, it did not violate his

13   constitutional rights. ECF No. 70 at 6-9.

14         The Court **DENIES** this motion *in limine*. The qualifications for early

15   retirement and reasons for lack of settlement are marginally relevant to bias.

16   However, they occurred after the events relevant to this case, would require

17   inquiring into collateral matters that are not relevant, and would not result in an

18   efficient use of time. The second hand statement that "Pamela sabotaged the deal"

19   is a conclusion that would not be admissible without a significant foundation, the

20   establishment of which would detract from the issue at trial.  This evidence is

1   excluded.

2   **Ptf.'s MIL 5:**  *Defendant's Witnesses; Sandra Bryson and Jim Holdridge*

3            Plaintiff moves to exclude specific witnesses, Sandra Bryson and James

4   "Jim" Holdridge, from the courtroom on the grounds that they have a personal

5   grudge towards Plaintiff and their actions in the courtroom may unduly prejudice

6   the jury. ECF No. 68 at 5.

7            Defendant agrees that only witnesses who are testifying will be present in

8   the courtroom at the time they are called, and both Sandra Bryson and James "Jim"

9   Holdridge are on Defendant's witness list and will be called as necessary. ECF No.

10   70 at 10. However, Defendant argues that if either or both of the above named

11   witnesses are removed from Defendant's witness list and/or not called on to testify,

12   then they have the right as citizens of Alpine County to be present during the

13   testimony given at the trial and Plaintiff provides no facts that either of them would

14   act other than as appropriate while present in a Federal Courtroom.

15            The Court **GRANTS** this motion *in limine* **as agreed to by the Defendant**.

16            **B. Defendant's Motions *in Limine* (ECF Nos. 69, 115, and 118)**

17   **Def.'s MIL 1:**  *Reference to Motive Regarding the Relationship Between the*

18   *Plaintiff, and the former Defendants, PAMELA KNORR and TOM SWEENEY*

19            Defendant first moves to exclude any reference to motive regarding the

20   relationship between the Plaintiff and the former Defendants, Pamela Knorr and

**ORDER AMENDING PRETRIAL ORDER-** 9

Tom Sweeney, on the grounds that motive is not relevant and would confuse and mislead the jury. ECF No. 69 at 3-8

Defendant does not actually address any motive or relationship between Plaintiff and the two former defendants, Pamela Knorr and Tom Sweeney. *Id.* Instead Defendant argues that the actions taken by the County in authorizing Pamela Knorr to conduct an investigation into the Leviathan Peak project were legislative rather than executive or administrative; thus Defendant should be afforded absolute immunity, or qualified immunity at the very least. *Id.* Defendant then states part of what Plaintiff must prove to establish his retaliation claim and concludes with a reassertion that Defendant should be afforded absolute immunity. *Id.* at 7-8.

Plaintiff first notes that this argument is the same that has already been rejected when Defendant's eighth motion *in limine* was denied in the Final Pretrial Order. ECF No. 72 at 3. Plaintiff then argues that the actions of Pamela Knorr and Tom Sweeney demonstrate retaliatory actions and animus towards Plaintiff. ECF No. 72 at 3-5. Plaintiff contends that Defendant should not be afforded immunity because it was not acting in a legislative capacity in authorizing the investigation, which he states was aimed at him personally. *Id.* at 5.

Here, the ruling in the Final Pretrial Order (ECF No. 64) is not only applicable but directly on point and deals with Defendant's arguments. The Final

Pretrial Order states:

> The court previously found Levy had presented evidence that could lead a reasonable trier of fact to believe "(1) the County's administrative officer, acting within her policy-making responsibility, instituted an investigation of the telecommunications projects in an effort to discredit Levy and terminate his employment and (2) the Board of Supervisors approved the investigation." Order Mar. 10, 2016, at 10, ECF No. 44. The County contends that the investigation was an act of the legislature in protecting the interests of its citizens and that this case is therefore barred by absolute legislative immunity.
>
> As an initial matter, a motion *in limine* is the incorrect procedural tool for this job. Motions *in limine* are designed to address the admissibility of evidence, not substantive legal positions. See Status (Pretrial Scheduling) Order at 4, ECF No. 13.
>
> In any event, the County's argument does not fit the facts of this case. Although federal, state, regional, and local legislators are entitled to absolute immunity from civil liability for their legislative activities, *Bogan*, 523 U.S. at 46, 49, this immunity does not apply here, as the County is the only remaining defendant, *see id*. at 53 ("Municipalities themselves can be held liable for constitutional violations . . . ."); *Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency*, 440 U.S. 391, 405 n.29 (1979) ("If the [individual legislators] have enacted unconstitutional legislation, there is no reason why relief against [the legislative body] itself should not adequately vindicate [the plaintiffs'] interests." (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978))); *Tenney*, 341 U.S. at 378 ("It should be noted that this is a case in which the defendants are members of a legislature.").

ECF No. 64 at 6.

The Court **DENIES** this motion *in limine*. This has already been addressed and denied by Judge Mueller's ruling in the Final Pretrial Order. ECF No. 64.

**Def.'s MIL 2:** *Reports and Testimony of Plaintiff's Retained and Non-retained Expert Witnesses.*

**ORDER AMENDING PRETRIAL ORDER- 11**

1    Defendant's second motion *in limine* has already been decided and was

2    denied in the Final Pretrial Order. ECF No. 64 at 4-5.

3    Defendant previously argued that the opinions of Plaintiff's expert

4    witnesses' are unreliable and speculative. The Final Pretrial Order denied this

5    motion *in limine* as the arguments attack the factual basis of each opinion, they do

6    not address questions of liability, and Defendant will have the opportunity to

7    highlight its interpretation of the evidence at trial.

8    The Court **DENIES** this motion *in limine*. This has already been addressed

9    and denied by Judge Mueller's ruling in the Final Pretrial Order. ECF No. 64

10   **Def.'s MIL 3:** *Limit Expert Witnesses*

11   Defendant asks the Court to limit the opinion testimony of expert witnesses

12   to those opinions identified in the expert witness disclosures and as testified to at

13   Deposition. ECF No. 69 at 8.

14   Plaintiff states "that the experts may need to deviate slightly from their

15   testimony to provide clarity for the jurors to understand the case at hand." ECF No.

16   72 at 6.

17   The Court **GRANTS** this motion *in limine*, **with leave to address the**

18   **Court with exceptions if warranted**.

19   **Def.'s MIL 4:** *Records and Documents subject to Fed. R. Civ. P. 29(a) that were*

20   *not produced.*

1    Defendant moves to exclude all records and documents subject to disclosure

2    pursuant to Federal Rules of Civil Procedure, Rule 29(a), that were not produced.

3    ECF No. 69 at 8.

4    The parties stipulate to this Motion *in limine*. ECF No. 72 at 6.

5    The Court **GRANTS** this motion *in limine*.

6    **Def.'s MIL 5:** *Expert Testimony*

7    Defendant moves to exclude any and all expert testimony other than that

8    disclosed in compliance with the Status (Pre-Trial Scheduling) Order (Court

9    Document #9) and impeachment witnesses. ECF No. 69 at 8-9.

10    The parties stipulate to this Motion *in limine*. ECF No. 72 at 6.

11    The Court **GRANTS** this motion *in limine*.

12    **Def.'s MIL 6:**  *Personnel Records, Actions, Investigations, or Administrative*

13    *Procedures Involving Plaintiff*

14    Defendant moves to preclude Plaintiff from introducing evidence or

15    Plaintiff's counsel eliciting testimony at trial concerning personnel records,

16    actions, investigations, or administrative procedures involving Plaintiff. ECF No.

17    69 at 9-10.

18    Defendant contends that an argument and any evidence and/or testimony

19    regarding unauthorized personnel investigation of Plaintiff should be excluded

20    under Fed. R. Evid. 401 because it is not relevant to the retaliation claim as the

1   investigation authorized by Defendant was not a personnel investigation and a

2   claim of unauthorized personnel investigations should be brought under state claim

3   that has already been dismissed. ECF No. 69 at 9-10.

4       Plaintiff counters that to grant this motion would be to nullify Plaintiff's

5   testimony and evidence concerning the Liebert, Cassidy, Whitmore report and

6   retaliation by Pamela Knorr against him. ECF No. 72 at 6-7. Additionally, Plaintiff

7   contends that this information is relevant to present his untarnished personnel work

8   record/history, including work on telecommunications projects, prior to Pamela

9   Knorr's actions. *Id*. at 7.

10      The Court **DENIES** this motion *in limine*.

11  **Def.'s MIL 7 and 8:** *Various Items of Evidence and Plaintiff's Witnesses*

12      Defendant motions *in limine* to reserve the right to file Motions *in limine*

13  with regard to the exclusion of various items of evidence listed on Plaintiff's List of

14  Evidence (Exhibit "C") that "was submitted to the Court on Monday, June 6,

15  2016." ECF No. 69 at 10. And Defendant moves to reserve the right to file motions

16  *in limine* to exclude witnesses identified on Plaintiff's List of Witnesses (Exhibit

17  "A"). ECF No. 69 at 10.

18      The Court **DENIES** these motions *in limine*. Motions *in limine* are designed

19  to address the admissibility of evidence; these are not motions *in limine*.

20  **Def.'s MIL 9:** *Exclude Witnesses from the Courtroom During Trial*

Defendant moves to exclude any and all identified witnesses from the courtroom during trial. ECF No. 69 at 10. Defendant also notes that Plaintiff's wife and mother will be present, but will not be testifying.

The parties have stipulated to this motion *in limine*. ECF No. 72 at 7.

The Court **GRANTS** this motion *in limine*. *See supra,* Plaintiff's motions *in limine* 2 and 5.

**Def.'s MIL 10:** *Legislative Immunity*

Defendant's tenth motion *in limine* reads "To determine the relevance of the legislative act re investigating the funding of the telecommunications projects and the appropriate immunity; i.e. absolute (No. 1 above) or qualified." ECF No. 69 at 11-13. Defendant makes substantially the same argument it set forth in support of its first motion *in limine*, but that Defendant is entitled to immunity because, based on Defendant's analysis and interpretation of the evidence, the board members who authorized the investigation were entitled to immunity. *Id*.

Plaintiff opposes this motion and states that his opposition is identical to Defendant's first motion *in limine*.

The Court **DENIES** this motion *in limine*. This has already been addressed and denied by Judge Mueller's ruling in the Final Pretrial Order. ECF No. 64.

**Def.'s MIL 11:** *Board of Supervisors Discussions*

Defendant moves for "no reference to discussions that took place during

closed or executive session of the Board of Supervisors as it would violate the

Brown Act." ECF No. 69 at 13. Defendant argues in full that: "California

Government Code, Section 54950, *et seq*., more commonly known as "The Brown

Act" allows for governmental bodies to meet in closed session, which discussions

are generally not recorded and are considered confidential. Only the results are to

be reported and documents provided to the public. Section 54957.1." *Id*.

Plaintiff counters in full that: "Plaintiff pled in the initial complaint and

testified during his deposition that he was retaliated against for bringing Brown

Act Violation(s) to the attention of KNORR, Sheriff John Crawford and Alpine

County Counsel (Whistleblower)." ECF No. 72 at 8.

The Court **Reserves Ruling** on this motion *in limine*. The Court directs

Defendant to be prepared to defend this motion *in limine* at the hearing set for

April 5th 2017, at 2:00 p.m. The Court notes that Defendant claims privileges and

immunities related to certain witnesses and meetings. In other filings, Defendant

has mentioned that the County Supervisors should not be questioned about reasons

for decisions and contents of deliberations.  However, Defendant also contends that

there was no illegal motivation in requesting, authorizing, and releasing the

Leviathan Peak telecommunications project investigation; proof of which

necessarily requires into the reasons actions were taken or not taken and

discussions of those reasons by the Board of Supervisors. The Court cannot

1  determine for which witnesses and meetings Defendant claims privilege. The Court

2  needs more information as to what Defendant is discussing and requesting. While

3  normally the lack of specificity in the motion would justify its denial, the Court

4  wants to decide legal issues concerning immunity or privilege prior to the trial and

5  testimony.

6  **Def.'s MIL 12:** *Settlement Negotiations*

7  Defendant moves for no discussion regarding settlement negotiations before

8  or during litigation. ECF No. 69 at 14-15.

9  Defendant argues that Fed. R. Evid. 408 should preclude any

10  testimony or discussion of any settlement negotiations between the parties. *Id*. at

11  14-15.

12  Plaintiff does not offer any opposition to not discussing the May 10, 2016,

13  settlement conference regarding the case at hand. ECF No. 72 at 8-9. However,

14  Plaintiff does oppose this motion *in limine* with respect to the prior settlement

15  negotiations. *Id*. Plaintiff asserts that the earlier settlement negotiations, that took

16  place months before this litigation, did not address the claims at hand, but were

17  part of an early retirement buyout settlement negotiations. *Id*. It is Plaintiff's

18  contention that discussions regarding the early retirement settlement negotiations

19  should be admissible as they did not address the claims at hand and should also be

20  allowed to prove bias. *Id*.

1    The Court **GRANTS** this motion *in limine*.

2    **Def.'s MIL 13:** *Exclude Legal Conclusion Testimony Related to the Leviathan*

3    *Peak Investigation as an Unauthorized Personnel Investigation*

4    Defendant moves the Court to exclude testimony at trial which states or

5    relies on the legal conclusion that the investigation into the Leviathan Peak Project

6    was an unauthorized personnel investigation of a police officer in violation of

7    California law. ECF No. 115.

8    Defendant argues that the testimony Plaintiff will elicit amounts to an

9    interpretation of California law (the Public Safety Officers Procedural Bill of

10   Rights Act) and the law's purported applicability to the Leviathan Peak

11   investigation. ECF No. 115 at 3. Defendant contends that the testimony to be

12   elicited amounts to resolutions of questions of law and are legal conclusions that

13   are inappropriate subjects for expert testimony. *Id*. Defendant also contends that

14   such testimony would be improper because it is Defendant's opinion (and

15   resolution of a question of law and legal conclusion) that the California law does

16   not apply because the Leviathan Peak investigation was not a personnel

17   investigation. *Id*. at 3-4.

18   Plaintiff objects to this motion as time barred by the Court's Final Pre-trial

19   Order (ECF No. 64) setting a June 17, 2016, deadline for briefing in support of

20   motions *in limine*. ECF No. 119.

1    The Court **DENIES** this motion *in limine* as time barred pursuant to the

2    Final Pretrial Order. ECF No. 64. However, the Court notes legal conclusions by

3    witnesses are not allowed and any objection should be renewed at the time of the

4    testimony.

5    **Def.'s MIL 14:** *Hearsay Testimony and Other Evidence of Employee Complaints*

6    *Not Involving Retaliation for Engaging in Protected Speech*

7    Defendant moves the Court for an order excluding hearsay testimony and

8    other evidence of employee complaints that do not involve retaliation for engaging

9    in protected speech. ECF No. 118.

10   Defendant contends that the only purpose for testimony and evidence

11   involving complaints of harassment and discrimination is an attempt to hold

12   Defendant liable under a theory of *respondeat superior*, which is inapplicable, and

13   that Defendant will show that Pamela Knorr was not a final policymaker, so

14   evidence of any of her discriminatory actions is irrelevant. ECF No. 118.

15   Defendant argues that some of the evidence to be presented will be hearsay and all

16   of the evidence and testimony regarding complaints of harassment and

17   discrimination are irrelevant because it is not related to a policy or custom of

18   unconstitutional activity. *Id*.

19   Plaintiff objects to this motion as time barred by the Court's Final Pre-trial

20   Order (ECF No. 64) setting a June 17, 2016, deadline for briefing in support of

1   motions *in limine*. ECF No. 119.

2       While normally time barred, pursuant to the Final Pretrial Order (ECF No.

3   64), the Court **Reserves Ruling** on this motion *in limine* because the issues raised

4   are central to the jury instructions and trial. The Court directs the parties to be

5   prepared to address this motion *in limine* at the hearing set for April 5th, 2017, at

6   2:00 p.m.

7       The Court notes that other alleged wrong or bad acts, not admissible for

8   some other purpose, are not admissible. *See* Fed. R. Evid. 404. Moreover, the

9   Summary Judgement Order specifically ". . . notes the absence of any evidence of

10  a written policy or longstanding custom or practice of retaliation, or a pattern of

11  similar violations." ECF No. 44 at 10. Thus, the Order precludes evidence in this

12  trial to establish a policy of age discrimination.

13      As the Court understands the Summary Judgment Order, the remaining issue

14  for trial is not an age discrimination claim caused by an age discrimination policy

15  of the County or a policymaker of the County. Rather it is a claim that Knorr

16  retaliated against Plaintiff for complaining about age discrimination. For these

17  purposes, Knorr would have had to act in her capacity as a final policymaker in

18  recommending that the Board initiate an outside investigation, or the Board of

19  Supervisors, as the final policymaker, ratified her actions. Thus the alleged acts of

20  age discrimination are not necessary to be proven.  The parties should be prepared

to discuss these observations of the Court at the hearing.

Accordingly, **it is ORDERED**:

1. The Court **ADDS** the factual disputes requested by Defendant to the Central Factual Disputes section of the Final Pretrial Order, **ECF No. 64**.

2. The Exhibits requested by Defendant are added to the Final Pretrial Order. Plaintiff's Motions *in Limine*, **ECF No. 68**, are **GRANTED, in part,** and **DENIED, in part,** as set forth above.

3. Defendant's Motions *in Limine*, **ECF Nos. 69, 115, and 118,** are **GRANTED, in part,** and **DENIED, in part,** as set forth above. With the exception of Defendant's Motions *in Limine* 11 and 14, on which the Court **Reserves Ruling**.

4. A telephonic hearing is **SET** for **Wednesday, April 5, 2017,** at **2:00 p.m.**, to discuss the matters included herein and objections to exhibits. The parties shall call the Court's toll-free conference line at (888) 363-4749 and enter access code 7667996. Please listen carefully and follow the automated

///

///

///

///

///

**ORDER AMENDING PRETRIAL ORDER-** 21

instructions so that you can be added to the conference in a timely manner.

Cell phones and speaker phones are not compatible with the Courts sound

system and may not be used.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this

Order.

**DATED** this 31st day of March, 2017.

<u>*s/Robert H. Whaley*</u>
ROBERT H. WHALEY
Senior United States District Judge