UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ROBERT E. LEVY,

    Plaintiff,

    v.

COUNTY OF ALPINE, et al.,

    Defendants.

No. 2:13-CV-02643-RHW-DB

**ORDER RE: PROPOSED JURY INSTRUCTIONS**

The Court has drafted proposed jury instructions in line with its interpretation of the Order Partially Granting Summary Judgment, ECF No. 44. Attached are the Court's proposed partial jury instructions addressing the main issues of Plaintiff's claim and affirmative defenses. The parties should be prepared to address the attached jury instructions at the hearing scheduled for April 5, 2017, at 2:00p.m.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order.

**DATED** this 31st day of March, 2017.

        *s/Robert H. Whaley*
        ROBERT H. WHALEY
    Senior United States District Judge

## INSTRUCTION NO. 1

Plaintiff Robert Levy brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

In this case, Plaintiff Levy claims his constitutional First Amendment right to free speech was violated by Defendant County of Alpine. Specifically, he claims that while he was working as undersheriff for the County of Alpine, he made complaints in the workplace that were protected by the First Amendment, and in retaliation for that speech, County Administrative Officer Pamela Knorr, acting as final policymaker, recommended an independent investigation into the management and cost of an ongoing telecommunications project (the Leviathan Peak project) in which he and other members of the County of Alpine Sheriff's Department were involved. Plaintiff Levy alternatively claims the County's Board of Supervisors, as a final policymaker, ratified Pamela Knorr's request for the investigation, knowing it was motivated by retaliation.

Defendant County of Alpine maintains that the telecommunications project was a contractual venture with the State Department of General Services and the California Highway Patrol which had the potential of exposing the County to millions of dollars of liability in the event the actual project costs were greater than

estimated when the contract was entered into. Defendant further maintains that the Board of Supervisors authorized the investigation only after learning that the cost of the project could exceed $2 million or more than the original cost estimate, leaving the County with an unfunded obligation it could not afford and the potential of liability against it.

Defendant further contends it had an adequate justification for treating Plaintiff Levy differently from other members of the general public and that it would have undertaken the investigation even absent Plaintiff Levy's complaints of alleged age discrimination.

# INSTRUCTION NO. 2

To establish his § 1983 claim against Defendant County of Alpine, alleging liability based on the act of retaliation by Pamela Knorr as a final policymaker, Plaintiff Levy must prove each of the following elements by a preponderance of the evidence:

1. Pamela Knorr acted under color of state law;
2. The act of Pamela Knorr in requesting an investigation of the Leviathan Peak project was in retaliation for complaints made by Plaintiff Levy that were protected by his First Amendment right to free speech. Whether these statements are protected under the First Amendment right to free speech is addressed in Instructions No. 4;
3. Pamela Knorr had final policymaking authority from County of Alpine to recommend an investigation into the Leviathan Peak project;
4. When Pamela Knorr recommended an investigation into the Leviathan Peak project, she was acting in her capacity as a final policymaker for County of Alpine; and
5. The recommendation of an investigation into the Leviathan Peak project by Pamela Knorr in retaliation for Plaintiff Levy's exercise of his First Amendment right to free speech caused Plaintiff Levy's ultimate injury.

A person acts "under the color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that Pamela Knorr was acting under the color of state law. Thus, the first element requires no proof.

I instruct you that Pamela Knorr had final policymaking authority from County of Alpine to recommend an investigation into the Leviathan Peak project, and she was acting under such authority when she recommended the investigation to the Board. Therefore, the third and fourth elements require no proof.

If you find that Plaintiff Levy has proved each of these elements, as well as the elements found in Instruction No. 4, and Defendant County of Alpine has failed to prove either of the affirmative defenses found in Instruction No. 6, your verdict should be for Plaintiff Levy. If, on the other hand, Plaintiff Levy has failed to prove any one or more of these elements or those in Instructions No. 4, or Defendant County of Alpine has proved either of the affirmative defenses in Instruction No. 6, your verdict should be for Defendant County of Alpine.

# INSTRUCTION NO. 3

In order to prevail on his § 1983 claim against Defendant County of Alpine alleging liability based on ratification by a final policymaker, Plaintiff Levy must prove each of the following elements by a preponderance of the evidence:

1. Pamela Knorr acted under color of state law;

2. The Board of Supervisors approved an investigation of the Leviathan Peak project that was requested by Pamela Knorr in retaliation for complaints made by Plaintiff Levy which were protected by his First Amendment right to free speech. Whether these statements are protected under the First Amendment right to free speech is addressed in Instruction No. 4;

3. The Board of Supervisors acted under color of state law;

4. The Board of Supervisors had final policymaking authority from Defendant County of Alpine to ratify Pamela Knorr's request for the investigation into the Leviathan Peak project; and

5. The Board of Supervisors ratified Pamela Knorr's request for the retaliatory investigation; that is, the Board of Supervisors specifically made a deliberate choice to approve Pamela Knorr's request for the investigation, knowing it was based on retaliation.

1  A person acts "under color of state law" when the person acts or purports to
2  act in the performance of official duties under any state, county, or municipal law,
3  ordinance, or regulation. I instruct you that Pamela Knorr and the Board of
4  Supervisors acted under color of state law. Therefore, the first and third elements
5  require no proof.

6  I instruct you that the Board of Supervisors had final policymaking authority
7  from Defendant County of Alpine to ratify the request for the investigation into the
8  Leviathan Peak project and, therefore, the fourth element requires no proof.

9  If you find that Plaintiff Levy has proved each of these elements, as well as
10 the elements found in Instruction No. 4, and Defendant County of Alpine has failed
11 to prove either of the affirmative defenses found in Instruction No. 6, your verdict
12 should be for Plaintiff Levy. If, on the other hand, Plaintiff Levy has failed to
13 prove any one or more of these elements or those in Instructions No. 4, or
14 Defendant County of Alpine has proved either of the affirmative defenses in
15 Instruction No. 6, your verdict should be for Defendant County of Alpine.

# INSTRUCTION NO. 4

As previously explained in the second element of Instructions Nos. 2 and 3, Plaintiff Levy has the burden of proving that his First Amendment right to free speech was violated by Defendant County of Alpine.

Under the First Amendment, a public employee has a qualified right to speak on matters of public concern. I instruct you that the speech was on a matter of public concern. In order to prove Plaintiff Levy's complaints regarding allegations of age discrimination by Pamela Knorr were protected by the First Amendment, Plaintiff Levy must prove the following additional elements by a preponderance of the evidence:

1. Plaintiff Levy spoke as a private citizen and not as part of his duties as a public employee, which is further defined in Instruction No. 5;
2. Defendant County of Alpine took an adverse employment action against Plaintiff Levy; and
3. Plaintiff Levy's speech was a substantial or motivating factor for the adverse employment action.

An action is an "adverse employment action" if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from engaging in the protected activity, in this case the exercise of free speech.

1. A substantial or motivating factor is a significant factor.
2.
3.
4.
5.
6.
7.
8.
9.
10.
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.

**INSTRUCTION NO. 5**

A plaintiff speaks as a public employee when he makes statements pursuant to his official duties. In contrast, a plaintiff speaks as a private citizen if the plaintiff had no duty to make the statements at issue, or if the speech was not the product of performing the tasks the plaintiff was paid to perform.

In deciding whether Plaintiff Levy, a public employee, was speaking as a citizen and not as part of his official duties, and thus whether his speech was constitutionally protected under the First Amendment, you may consider the following factors. These are factors for you to consider, not elements, and each need not be proven.

1. Did Plaintiff Levy confine his communications to his chain of command? If so, then such speech may fall within his official duties. If not, then such speech may fall outside of his official duties.

2. Was the subject matter of the communication within Plaintiff Levy's job duties? If so, then such speech may fall within his official duties. If not, then such speech may fall outside of his official duties.

3. Did Plaintiff Levy speak in direct violation to his supervisor's orders? If so, such speech may fall outside of his official duties. If not, such speech may fall within his official duties.

4. Was the subject matter of the communication about broad concerns over corruption or systemic abuse beyond the specific department, agency, or office where Plaintiff Levy worked? If so, then such speech may fall outside of his official duties. If not, then such speech may fall within his official duties.

## INSTRUCTION NO. 6

If you have concluded Defendant County of Alpine has violated Plaintiff Levy's First Amendment right to free speech either by the retaliatory acts of Pamela Knorr as a final policymaker, as defined in Instruction No. 2, or by the ratification of Pamela Knorr's retaliatory acts by the Board of Supervisors as final policymaker, as defined in Instruction No. 3, you must next consider whether Defendant County of Alpine has proved one of the following affirmatives defense by a preponderance of the evidence:

1. Defendant County of Alpine had an adequate justification for treating Plaintiff Levy differently from other members of the general public; or

2. Defendant County of Alpine would have taken the adverse employment action even absent his protected speech.

If you find Defendant County of Alpine has proved either of these affirmative defenses by preponderance of the evidence, your verdict should be for Defendant County of Alpine.