FILED
Apr 06, 2017
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ROBERT E. LEVY,

    Plaintiff,

    v.

COUNTY OF ALPINE, et al.,

    Defendants.

No. 2:13-CV-02643-RHW-DB

**ORDER**

The Court held a telephone hearing on April 5, 2017, to address numerous pretrial matters. Douglas Watts appeared on behalf of Plaintiff Robert E. Levy, and Marjorie Manning and Theodore Bolling appeared on behalf of Defendant County of Alpine.

**1. Proposed Jury Instructions**

On April 3, 2017, the Court issued an order containing proposed jury instructions regarding § 1983 liability. The Court declines to give the parties' proposed § 1983 jury instructions. The Court recognizes the need for collaboration

in determining the final jury instructions on liability. The parties shall provide objections to these proposed jury instructions and their proposed revised versions of the instructions to the Court no later than Thursday, **April 13, 2017**.

### 2. Motions *in Limine*

In its order on March 31, 2017, the Court reserved ruling on Defendant's Motions *in Limine* 11 and 14 and ordered the parties to be prepared to discuss these motions at the April 5th telephonic hearing. ECF No. 125. Following argument by both parties, the Court continues to reserve ruling on these motions, which will be discussed on the morning of the first day of trial, prior to jury selection. The parties shall be prepared to make any additional arguments at that time.

### 3. Exhibits

Defendant filed Objections to Plaintiff's Exhibits on August 1, 2016, ECF No. 81, and Supplemental Objections to Plaintiff's Exhibits and Objections to Descriptions of Exhibits in Plaintiff's Exhibit List on February 27, 2017, ECF No. 97. As a preliminary note, the Court wants to avoid admitting a block of exhibits that may not actually be used in trial. While exhibits may be admissible, they must still be properly offered at trial to be admitted. The Court addressed Defendant's specific objections at the April 5 hearing and rules as follows.

a. Defendant's objections to Plaintiff's Exhibits 1 and 10 are sustained. These exhibits are not admissible.

   b. The Court reserves ruling on Defendant's objections to Plaintiff's Exhibits 8, 18, 19, 20, 26, 27, 29, 31, and 33.

   c. Plaintiff withdraws Plaintiff's Exhibits 22, 25, and 30.

   d. Defendant's objection to Plaintiff's Exhibit 7 is sustained; however, Plaintiff may admit a clean copy of this exhibit without markings when properly offered.

   e. Defendant's objection to Plaintiff's Exhibit 21 is overruled. This exhibit may be used when properly offered.

   f. Defendant's objections to Plaintiff's descriptions on the Exhibit List are sustained. The parties shall provide, no later than Thursday, **April 13, 2017**, a stipulated joint Exhibit List that provides objective descriptions of exhibits only.

Plaintiff's remaining exhibits shall be admissible when properly offered.

Plaintiff did not object to any of Defendant's exhibits, and these are admitted when properly offered.

**4. Defendant's Request for Judicial Notice**

On March 21, 2017, Defendant filed a Request for Judicial Notice. ECF No. 114. Plaintiff did not object this this request. The Court takes judicial notice pursuant to FED. R. EVID. 201 of the twenty-seven facts included in the request. However, they may be admitted only when properly offered.

**5. Designation of Deposition Transcripts in Lieu of Live Testimony**

Defendant filed Objections to Plaintiff's Supplemental Designation of Deposition Transcripts in Lieu of Live Testimony on March 31, 2017. ECF No. 123. Defendant challenges: six statements by Cami Chavez made in a deposition taken December 8, 2014; three statements by Kris Hartnett made in a deposition taken August 29, 2014; and five statements by Mary Rawson made in a deposition taken August 26, 2015. *Id.*; *see* also ECF No. 121. Plaintiff did not file a response to these objections.

As a preliminary matter, Mary Rawson's deposition in its entirety is inadmissible because Ms. Rawson was not listed as a witness on neither Plaintiff's nor Defendant's Witness Lists found at Attachments A and B to the Final Pretrial Order, ECF No. 64. The Final Pretrial Order states that any other witness not listed on the parties' witness lists shall not be permitted to testify unless specific showings are made. *Id.* at 7. No showing has been made, and Ms. Rawson's deposition testimony shall not be permitted.

With regard to the testimony of Ms. Chavez, the Court rules as following:

    a. The Court sustains the objections to the text of Ms. Chavez's deposition testimony found at page/line: 15:4-8, 27:8-28:7, 33:8-16, 34:1-18, and 35:1-22.

  b. The Court partially sustains the objection to Ms. Chavez's deposition testimony found at page/line 37:23-38:23. Pursuant to Fed. R. Evid. 803(3), the Court allows the statements from the beginning of this referenced statement through "gained weight" and the statements beginning "Anything over and above" through "staying focused."

With regard to the deposition testimony of Mr. Hartnett, the Court rules as following:

  a. The Court overrules the objections to Mr. Hartnett's deposition testimony found at page/line 38:4-8 and 64:11-65:13.

  b. The Court sustains the objection to Mr. Hartnett's deposition testimony found at page/line 50:4-20.

**6. Demonstrative Exhibits**

The Court finds demonstrative aids helpful and orders that any exhibit admitted into evidence after being properly offered may be shown to the jury. Additionally, any exhibit identified as admissible when properly offered in this order may be used during opening statements. Each party shall notify the other of the demonstrative aids and exhibits intended to be used in opening statements by **April 13, 2017**. If there are any demonstrative aids or exhibits that a party would like to use in opening statements, but the use of which cannot be agreed on by the

parties, the party wishing to use the demonstrative aid or exhibit shall contact the Court by Friday, **April 14, 2017**, to address its use.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order.

**DATED** this 6th day of April, 2017.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge