UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ROBERT E. LEVY,

    Plaintiff,

    v.

COUNTY OF ALPINE, et al.,

    Defendants.

No.  2:13-CV-02643-RHW-DB

**ORDER RE: FIRST PROPOSED FINAL JURY INSTRUCTIONS AND VERDICT FORM**

    The Court has received and reviewed the parties' objections and proposed revisions to the Court's previously proposed jury instructions, ECF Nos. 131 & 134. In response, the Court herein provides its first proposed final jury instructions. Attached are the Court's final jury instructions as well as the Court's verdict form. *See* Attachments A & B. Any objections will be address the morning of trial, April 17, 2017, at 8:00a.m.

    **IT IS SO ORDERED.** The District Court Executive is directed to enter this Order.

    **DATED** this 14th day of April, 2017.

                *s/Robert H. Whaley*
              ROBERT H. WHALEY
          Senior United States District Judge

**Attachment A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ROBERT E. LEVY,

    Plaintiff,

      v.

COUNTY OF ALPINE, et al.,

    Defendants.

No. 2:13-CV-02643-RHW-DB

**FINAL JURY INSTRUCTIONS**

**JURY INSTRUCTIONS**

**DATED:** April ___, 2017.

_____
ROBERT H. WHALEY
Senior United States District Judge

# INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may have said or done as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

# INSTRUCTION NO. 2

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## INSTRUCTION NO. 3

The evidence from which you are to decide what the facts are consists of:

    (1) The sworn testimony of any witness, including those who testified through deposition and appeared in person;

    (2) The exhibits that have been received into evidence; and

    (3) Any facts to which the lawyers have agreed.

# INSTRUCTION NO. 4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# INSTRUCTION NO. 5

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

# INSTRUCTION NO. 6

The parties have agreed to certain facts that have been read to you. You should therefore treat these facts as having been proved.

## INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify or amount of time taken to present evidence.

# INSTRUCTION NO. 8

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You heard deposition testimony from multiple witnesses. You should consider deposition testimony presented to you in court in lieu of live testimony in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

# INSTRUCTION NO. 9

You have heard testimony from expert witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for their opinions, and all the other evidence in the case.

# INSTRUCTION NO. 10

Plaintiff Robert Levy brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

In this case, Plaintiff Levy claims his constitutional First Amendment right to free speech was violated by Defendant County of Alpine. Specifically, he claims that while he was working as undersheriff for the County of Alpine, he made complaints in the workplace that were protected by the First Amendment, and in retaliation for that speech, County Administrative Officer Pamela Knorr, acting as final policymaker, recommended an investigation into the management and cost of an ongoing telecommunications project (the Leviathan Peak project) in which he and other members of the County of Alpine Sheriff's Department were involved. Plaintiff Levy alleges that this investigation unfairly focused on and blamed him for certain financial problems that Defendant County of Alpine claims had arisen with the Leviathan Peak project. Plaintiff Levy alternatively claims the County's Board of Supervisors, as a final policymaker, ratified Pamela Knorr's recommendation for the investigation, that is the Board of Supervisors knew of and specifically made a deliberate choice to approve Pamela Knorr's recommendation and the retaliatory basis for it.

Defendant County of Alpine denies that the investigation into the Leviathan Peak project was motivated by retaliation. Defendant maintains that the telecommunications project was a contractual venture with the State Department of General Services and the California Highway Patrol which had the potential of exposing the County to millions of dollars of liability in the event the actual project costs were greater than estimated when the contract was entered into. Defendant further maintains that the Board of Supervisors authorized the investigation only after learning that the cost of the project could exceed $2 million or more than the original cost estimate, leaving the County with an unfunded obligation it could not afford and the potential of liability against it.

Defendant further contends it would have undertaken the investigation even absent Plaintiff Levy's complaints of alleged age discrimination.

# INSTRUCTION NO. 11

To establish his § 1983 claim against Defendant County of Alpine, alleging liability based on an act of retaliation by Pamela Knorr as a final policymaker, Plaintiff Levy must prove each of the following elements by a preponderance of the evidence:

1. Pamela Knorr acted under color of state law in recommending to the Board of Supervisors that it initiate an investigation into the Leviathan Peak project;

2. Pamela Knorr's purpose in recommending an investigation into the Leviathan Peak project was to retaliate against Plaintiff Levy for complaints he claims to have made which were protected by the First Amendment right to free speech. Whether plaintiff actually made such complaints, and whether they are protected under the First Amendment right to free speech, is addressed in Instruction No. 13;

3. Pamela Knorr had final policymaking authority from County of Alpine to recommend an investigation into the Leviathan Peak project;

4. When Pamela Knorr recommended an investigation into the Leviathan Peak project, she was acting in her capacity as a final policymaker for County of Alpine; and

5. The recommendation of the investigation caused Plaintiff Levy's ultimate injury.

A person acts "under the color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that Pamela Knorr was acting under the color of state law. Thus, the first element requires no proof.

I instruct you that Pamela Knorr had final policymaking authority from County of Alpine to recommend an investigation into the Leviathan Peak project, and she was acting under such authority when she recommended the investigation to the Board. Therefore, the third and fourth elements require no proof.

If you find that Plaintiff Levy has proved each of these elements, as well as the elements found in Instruction No. 13, and Defendant County of Alpine has failed to prove the affirmative defense found in Instruction No. 15, your verdict should be for Plaintiff Levy. If, on the other hand, Plaintiff Levy has failed to prove any one or more of these elements or those in Instructions No. 13, or Defendant County of Alpine has proved the affirmative defense in Instruction No. 15, your verdict should be for Defendant County of Alpine.

# INSTRUCTION NO. 12

In order to prevail on his § 1983 claim against Defendant County of Alpine alleging liability based on ratification by a final policymaker, Plaintiff Levy must prove each of the following elements by a preponderance of the evidence:

1. Pamela Knorr acted under color of state law in recommending to the Board of Supervisors that it initiate an investigation into the Leviathan Peak project;

2. Pamela Knorr's purpose in recommending an investigation into the Leviathan Peak project was to retaliate against Plaintiff Levy for complaints he claims to have made which were protected by the First Amendment right to free speech. Whether plaintiff actually made such complaints, and whether they are protected under the First Amendment right to free speech, is addressed in Instruction No. 13;

3. Acting under color of state law, the Board of Supervisors authorized an investigation into the Leviathan Peak project;

4. The Board of Supervisors had final policymaking authority under state law to authorize an investigation into the Leviathan Peak project; and

5. In authorizing the investigation into the Leviathan Peak project, the Board of Supervisors ratified both Pamela Knorr's recommendation to initiate the investigation and the retaliatory reason for that

recommendation; that is, the Board of Supervisors specifically made a deliberate choice to approve Pamela Knorr's recommendation and her alleged motive to retaliate against Plaintiff Levy for engaging in protected speech.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that Pamela Knorr and the Board of Supervisors acted under color of state law. Therefore, the first and third elements require no proof.

I instruct you that the Board of Supervisors had final policymaking authority from Defendant County of Alpine to ratify the recommendation for the investigation into the Leviathan Peak project and, therefore, the fourth element requires no proof.

If you find that Plaintiff Levy has proved each of these elements, as well as the elements found in Instruction No. 13, and Defendant County of Alpine has failed to prove the affirmative defense found in Instruction No. 16, your verdict should be for Plaintiff Levy. If, on the other hand, Plaintiff Levy has failed to prove any one or more of these elements or those in Instructions No. 13, or Defendant County of Alpine has proved the affirmative defense in Instruction No. 16, your verdict should be for Defendant County of Alpine.

# INSTRUCTION NO. 13

As previously explained in the second element of Instructions Nos. 11 and 12, Plaintiff Levy has the burden of proving that his First Amendment right to free speech was violated by Defendant County of Alpine.

Under the First Amendment, a public employee has a qualified right to speak on matters of public concern. Plaintiff Levy claims Defendant County of Alpine retaliated against him for exercising his First Amendment right to complain about age discrimination by Pamela Knorr in the workplace. I instruct you that if you conclude Plaintiff Levy did make such a complaint, it would have addressed a matter of public concern.

In order to prove Plaintiff Levy's complaints regarding allegations of age discrimination by Pamela Knorr were protected by the First Amendment, Plaintiff Levy must prove the following additional elements by a preponderance of the evidence:

1. Plaintiff Levy spoke as a private citizen and not as part of his duties as a public employee, which is further defined in Instruction No. 14;

2. Defendant County of Alpine took an adverse employment action against Plaintiff Levy; and

3. Plaintiff Levy's speech was a substantial or motivating factor for the adverse employment action.

An action is an "adverse employment action" if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from engaging in the protected activity, in this case the exercise of free speech.

A substantial or motivating factor is a significant factor.

## INSTRUCTION NO. 14

A plaintiff speaks as a public employee when he makes statements pursuant to his official duties. In contrast, a plaintiff speaks as a private citizen if the plaintiff had no duty to make the statements at issue, or if the speech was not the product of the tasks the plaintiff was expected to perform as part of his job duties.

In deciding whether Plaintiff Levy, a public employee, was speaking as a citizen and not as part of his official duties, and thus whether his speech was constitutionally protected under the First Amendment, you may consider the following factors. These are factors for you to consider, not elements, and each need not be proven.

1. Did Plaintiff Levy confine his communications to his chain of command? If so, then such speech may fall within his official duties. If not, then such speech may fall outside of his official duties.

2. Was the subject matter of the communication within Plaintiff Levy's job duties? If so, then such speech may fall within his official duties. If not, then such speech may fall outside of his official duties.

3. Did Plaintiff Levy speak in direct violation to his supervisor's orders? If so, such speech may fall outside of his official duties. If not, such speech may fall within his official duties.

4. Was the subject matter of the communication about broad concerns over corruption or systemic abuse beyond the specific department, agency, or office where Plaintiff Levy worked? If so, then such speech may fall outside of his official duties. If not, then such speech may fall within his official duties.

# INSTRUCTION NO. 15

If you have concluded Defendant County of Alpine has violated Plaintiff Levy's First Amendment right to free speech by the retaliatory acts of Pamela Knorr as a final policymaker, as defined in Instruction No. 11, you must consider whether Defendant County of Alpine has proven by a preponderance of the evidence that Pamela Knorr would have recommended the investigation even absent Plaintiff Levy's protected speech.

If you find that Defendant County of Alpine has proven this affirmative defense by a preponderance of the evidence, your verdict must be for Defendant County of Alpine.

# INSTRUCTION NO. 16

If you have concluded Defendant County of Alpine has violated Plaintiff Levy's First Amendment right to free speech by the ratification of Pamela Knorr's retaliatory acts by the Board of Supervisors as final policymaker, as defined in Instruction No. 12, you must consider whether Defendant County of Alpine has proven by a preponderance of the evidence that the Board of Supervisors would have authorized the investigation even absent Plaintiff Levy's protected speech.

If you find that Defendant County of Alpine has proven this affirmative defense by a preponderance of the evidence, your verdict must be for Defendant County of Alpine.

# INSTRUCTION NO. 17

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff Levy on his 42 U.S.C. §1983 claim, you must determine his damages. Plaintiff Levy has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff Levy for any injury you find was caused by Defendant County of Alpine. You should consider the following:

1. The nature and extent of the injuries;

2. The loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;

3. The mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

4. The reasonable value of earnings, earning capacity, salaries, and employment opportunities lost up to the present time;

5. The reasonable value of earnings, earning capacity, salaries, and employment opportunities that with reasonable probability will be lost in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

The law that applies to this case authorizes an award of nominal damages. If you find for Plaintiff Levy but you find that Plaintiff Levy has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

# INSTRUCTION NO. 18

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement, if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# INSTRUCTION NO. 19

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

# INSTRUCTION NO. 20

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

# INSTRUCTION NO. 21

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**Attachment B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ROBERT E. LEVY,

     Plaintiff,

     v.

COUNTY OF ALPINE, et al.,

     Defendants.

No.  2:13-CV-02643-RHW-DB

**VERDICT FORM**

We, the Jury, make the following answers to the following questions given.

**<u>Question 1:</u>**

     Do you find by a preponderance of the evidence that Defendant County of Alpine is liable to Plaintiff Levy under 42 U.S.C. § 1983 based on an act of retaliation by Pamela Knorr as a final policymaker in recommending the investigation of the Leviathan Peak Project, as described in Instruction No. 12?

Answer     Yes ____     No____

**Question 2:**

Do you find by a preponderance of the evidence that Defendant County of Alpine is liable to Plaintiff Levy under 42 U.S.C. § 1983 based on ratification by a final policymaker when the Board of Supervisors approved the recommended investigation of the Leviathan Peak Project, as described in Instruction No. 13?

Answer      Yes **____**      No **____**


If your answer to Question 1 **or** 2 is "Yes" then proceed to Question 3.  If your answer to Questions 1 **and** 2 is "No," then proceed no further.


**Question 3:**

State the amount of damages that Plaintiff Levy sustained as a result of Defendant County of Alpine's violation of Plaintiff Levy's First Amendment right to free speech, as described in Instruction No. 17?

Damages $_____.


**DATED** this ____ day of April, 2017.


_____
Presiding Juror