UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ROBERT E. LEVY,

    Plaintiff,

    v.

COUNTY OF ALPINE, et al.,

    Defendants.

No. 2:13-CV-02643-RHW-DB

**ORDER TAXING COSTS**

    The above-captioned matter began in trial on April 17, 2017. Upon conclusion of the Plaintiff's case-in-chief, the Court directed a verdict in favor of Defendant on April 20, 2017. An order directing verdict was issued on April 25, 2017, ECF No. 150, and judgment was entered on the same day in favor of Defendant, ECF No. 151. On May 9, 2017, Defendant filed a Bill of Costs requesting a total of $25,106.13. ECF No. 152. Plaintiff filed his Objections on May 16, 2017. ECF No. 153. Defendant filed a Response to Plaintiff's Objections

**ORDER TAXING COSTS -** 1

on May 19, 2017. ECF No. 155. The Court is now fully informed, adjusts the Bill of Costs, and directs tax against Plaintiff in the amount of $23,934.74.

## I. Legal Standard

FED. R. CIV. P. 54(d)(1) provides that costs, other than attorney's fees, should be awarded to the prevailing party following entry of judgment. While this creates a presumption of award to the prevailing party, the district court has discretion to refuse costs. *Ass'n of Mexican-American Educators v. Cal.*, 231 F.3d 572, 591 (9th Cir. 2003). This discretion is not unlimited, and a district court must specify reasons for refusing costs. *Id.* at 592 (citing *Subscription Television, Inc. v. Southern Cal. Theatre Owners Ass'n*, 576 F. 2d 230, 234 (9th Cir. 1978)). Courts have refused to award costs based on the losing party's limited financial resources, misconduct by the prevailing party, and "the chilling effect of imposing such high costs on future civil rights litigants." *Id.* The burden is on the losing party to show why the costs shouldn't be awarded. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003).

## II. Objections to Bill of Costs

### a. Fees for service of summons and subpoena

Defendant requests $2,068.50 for summons and subpoena costs. ECF No. 152 at 1. Plaintiff argues this is "grossly inappropriate." ECF No. 153 at 2. Plaintiff notes that Alpine County is California's smallest county, and therefore Defendant

should have had "easy access to all or nearly all" of the witnesses. *Id.* Plaintiff asserts the reasonable amount for service should be $438.50. *Id.* He arrives at this number by disallowing $835.00 for service to six witnesses and $795.00 for service to eight additional witnesses. *Id.*

Plaintiff provides no explanation as to why the costs to these specific witnesses should be disallowed or why service would be cheaper simply because of the small population of the County. ECF NO. 155 at 2. The Court previously took judicial notice that Alpine County is 738.33 square miles in land area with a population density of 1.6 people per square mile, as of 2010. ECF No. 114 at Ex. B. Plaintiff fails to explain how, despite being a particularly rural county with low population density, Alpine County's small population makes it easier to service easier. If anything, the low population density and mountainous terrain likely makes service more complicated. Because Plaintiff has not advance a meaningful argument, the Court **DENIES** Plaintiff's request to lower costs for service.

### b. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case

28 U.S.C. § 1920(2) provides for taxation of costs for printed or electronically recorded transcripts "necessarily obtained for use in the case." This is echoed in the Eastern District of California's Local Rule 292(f)(5). Deposition transcripts may be among costs considered by district courts under this rule. *Alflex*

*Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175 (9th Cir. 1990). Documents need not be actually used at trial and made part of the record to receive costs in this category. *See Haagen-Dazs, Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990).

Defendant requests $16,960.86 for fees for printed or electronically recorded transcripts. ECF No. 152 at 1. $15,238.86 of the amount in this category is for deposition transcripts. *Id.* at 3. Plaintiff argues that $5,043.80 of the deposition transcript costs should be disallowed because these costs were "unreasonably incurred and not needed for defense of Plaintiff's claims." ECF No. 153 at 2. Specifically, Plaintiff cites to depositions by Kris Hartnett, Buck McClelland, Sharon Warkentin, Valerie Bolton, Martin Fine, Randall Gibson, Doug Rublaitus, James Holdridge, Jared Zwickey, and Nancy Thornburg. *Id.* Plaintiff asserts that none of these witnesses testified at trial, nor were their depositions needed for mediation, settlement conference, or trial preparation. *Id.* at 2-3.

Plaintiff's argument does not support the majority of his claims. Several of the challenged depositions were formally lodged with the Court: Kris Hartnett, Sharon Warkentin, Valerie Bolton, Martin Fine, Randall Gibson, and James Holdridge. ECF No. 82. Further, Kris Hartnett's deposition was actually read in part during trial as Plaintiff's witness. ECF No. 141. Likewise, Defendant filed notice that portions of Nancy Thornburg's deposition were intended to be read at

trial, ECF No. 124, James Holdridge and Jared Zwickey, the County's expert, were scheduled to testify. Defense was prepared to proceed with the deposition and live testimony if not for the directed verdict.

The Court agrees with Plaintiff on two depositions, however. Buck McClelland and Doug Rublaitus neither appear on the witness lists nor in the lodged deposition transcripts. Mr. McClelland is an Alpine County citizen who allegedly would have supported Plaintiff's run for sheriff, ECF No. 155 at 2-3, but this was not the only individual who offered such testimony, nor does it appear that either party needed or intended to use his statements at trial. Doug Rublaitus was among the individuals alleged by Plaintiff to have been a victim of age discrimination during employment with Alpine County. ECF No. 155 at 2-3. Again, Mr. Rublaitus was not the only witness to provide information on age discrimination, which also was not the basis for the remaining claim at trial and thus limited in testimony, and it does not appear his testimony was to be considered in trial preparation. Accordingly, the Court finds these deposition transcripts were not necessarily obtained for use in the case.

Accounting is complicated because of the records provided by Defendant in the Bill of Cost. The actual costs billed by the reporter for Buck McClelland's deposition are $415.15. ECF No. 152, Ex. A at 1. However, some costs on the invoice are shared with Kris Hartnett's deposition costs, *id.*, and in the interest of

fairness, the Court shall divide evenly. Half of the shared costs is $83.43, which added to $415.15 is $498.58. Likewise, the actual costs billed by the reporter for Doug Rublaitus' deposition are $255.75. *Id.* at 4. The invoice is shared by deposition costs of five other individuals. *Id.* One-sixth of the shared costs is $81.10, which added to $255.75 is $336.85. In addition, Mr. McClelland received $50 and Mr. Rublaitus received $52 for deposition fees and travel expenses. *Id.* at Ex. C at 2, 11.

The total deposition-related costs for Mr. McClelland and Mr. Rublaitus are $937.43, which shall be deducted from the total amount Defendant requests for fees for printed or electronically recorded transcripts necessarily obtained for use in the case.

### c. Witness compensation

Travel expenses for out-of-town witnesses must be reasonable. *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). Local Rule 292(f)(8) provides for "per diem, mileage, and subsistence for witnesses." Plaintiff argues that it was unreasonable to request fees for witnesses that did not testify, but Plaintiff overlooks that Defendant had their witnesses present and prepared to testify absent the trial's early conclusion. Defendant requests $4,286.50 for travel fees and witness fees. ECF No. 152 at 1. Plaintiff takes specific issue with the charges assessed for Tom Sweeney, Teola Tremayne, Donald Jardine, James Holdridge,

Randi Makley, and Rick Stephens, all of whom were scheduled to testify but did not when the trial ended on directed verdict. ECF No. 153 at 3.

While many of the witnesses were actually in Sacramento three nights, Defendant only requests two nights. Defense counsel Manning declares that the defense team needed their witnesses in Sacramento beginning Tuesday, April 18 so that the transition would be seamless between the Plaintiff's case and the defense, and that it was unclear if Plaintiff would rest his case April 19 or April 20. ECF No. 152-1 at ¶ 7. This is a reasonable interpretation of the events and respectful of the Court's direction to avoid lengthy gaps in the trial for witness travel. All parties were expected to expeditiously continue the trial if not for the directed verdict.

Defendants also request expenses related to airfare for Randi Makley. Ms. Makley was scheduled to testify Monday, April 24. Defendant states that Ms. Makley, who lives in Colorado, was scheduled to fly to California for a wedding on April 22, and she extended her return to Colorado so that she would be able to testify on Monday. ECF No. 152-1 at ¶ 7. The only evidence presented in the Bill of Costs attachments, however, is a one-way flight *to* California from Denver. ECF No. 152, Ex. E at 20-21. Defendant has presented no evidence of the return flight or that Ms. Makley incurred additional costs for her return to Colorado. Thus, the Court reduces Defendant's request for witness expenses by $233.96 for Ms. Makley's changed airfare costs because this is unsupported.

### III. Conclusion

Based on the review of the Bill of Costs, its supporting attachments, and the parties' briefing, the Court **REDUCES** the total amount requested by Defendant by $1,171.39 and **DIRECTS** the District Court Executive to tax $23,934.74 against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order.

**DATED** this 12th day of June, 2017.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge