UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ROBERT E. LEVY,

    Plaintiff,

    v.

COUNTY OF ALPINE, et al.,

    Defendants.

No. 2:13-CV-02643-RHW-DB

**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES**

The above-captioned matter began in trial on April 17, 2017. Upon conclusion of the Plaintiff's case-in-chief, the Court directed a verdict in favor of Defendant on April 20, 2017, with an order memorializing this rule and judgment filed on April 25, 2017. ECF No. 150-51. On May 23, 2017, Defendant filed a Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 1988. ECF No. 157. The Court has reviewed the pleadings and attachments and is fully informed. For the reasons stated below the Court **DENIES** Defendant's request for an award of attorneys' fees.

**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES -**

1

**I.     Discussion**

In action based on a claim under 42 U.S.C. § 1983, a district court has discretion to allow the prevailing party an award of reasonable attorney's fees. 42 U.S.C. § 1988(b). Prevailing defendants are treated differently from prevailing plaintiffs, however. *Legal Services of Northern California v. Arnett*, 114 F.3d 135, 141 (9th Cir. 1997). Prevailing defendants may recover only when "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. Equal Employ't Opportunity Comm'n*, 434 U.S. 412, 421 (1978).

This standard is applied strictly to "avoid undercutting Congress' policy of promoting vigorous prosecution of civil rights violations." *Miller v. Los Angeles Cnty. Bd. of Educ.*, 827 F.2d 617, 619 (9th Cir. 1987). The court cannot make a *post hoc* rationalization that simply because a plaintiff did not prevail, his claim was frivolous because "litigation is rarely predictable" and "[d]ecisive facts may not emerge until discovery or trial." *Christianburg*, 434 U.S. at 421-22. Even claims in which the law or facts "may appear questionable or unfavorable at the outset" may still be considered reasonable. *Id.* at 422. The Ninth Circuit has described frivolous claims to be those "where the result is obvious" or the claims are "wholly without merit." *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir. 1994).

The Court does not find Mr. Levy's § 1983 claim to be frivolous, unreasonable, or without foundation. As the Court noted in its Order Directing Verdict, ECF No. 150, the legal authority on whether Pamela Knorr may be considered a final policymaker for the action of making the recommendation to the Board under assigned job duties is not uniform. *See, e.g.*, *Adkins v. Bd. of Educ. of Magoffin Cty., Ky.*, 982 F.2d 952 (6th Cir. 1993); *Purdy v. Town of Greenburgh*, 178 F.Supp.2d 439 (S.D.N.Y. 2002). This question of policymaking was the linchpin of Mr. Levy's case, and while he did not prevail, it cannot be said that his attempt was unreasonable in light of the complexity and the lack of uniformity in this area of the law.

**II.    Conclusion**

1. Because the Court does not find Mr. Levy's § 1983 claim to be frivolous, unreasonable, or without foundation, the Court **DENIES** Defendant County of Alpine's Motion for Attorneys' Fees.

2. The hearing on June 22, 2017, is **STRICKEN**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order.

**DATED** this 20th day of June, 2017.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES -**
3